IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WAYLAND GIBSON,

    Defendant.

No. CR 11-00734 WHA

**FINAL CHARGE TO THE JURY**

### 1.

Members of the jury, it is now my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary. These instructions fall into three parts. The first part will address guidelines for evaluating the evidence, the burden of proof, and related matters.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law in my instructions whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case fairly on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all of the instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

### 2.

The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant is guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges here beyond a reasonable doubt.

### 3.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that an accused is guilty. It is not required, however, that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find the

defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the accused is guilty as charged, it is your duty to find the defendant guilty.

4.

The evidence from which you are to decide what the facts are consists of:

- The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness; and
- The exhibits which have been received into evidence; and
- Any facts to which all the lawyers have stipulated here in the courtroom before you. You must treat any stipulated facts as having been proven.

The exhibits will be with you in the jury room when you deliberate. The number tags are affixed to the back of the last page of the exhibit.

5.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

- Arguments and statements by lawyers are not evidence. They are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
- A suggestion in a question to a witness is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.
- Objections to questions are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence. You should not be influenced by any question, objection, or the Court's ruling on it.

- Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.
- Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must consider the evidence only for that limited purpose.

6.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact. You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

7.

Certain poster boards and other demonstratives have been shown to you during the trial in order to help explain the case. They are not themselves evidence and will not be in the jury room during your deliberations, although the exhibits from which they were enlarged may well be in evidence and in the jury room.

8.

You have heard recordings that have been received into evidence. A transcript of the recording has been provided to help you identify speakers and to help you decide what the speakers say. Remember that the recording is the evidence, not the transcript. If you heard something different from what appears in the transcript, what you heard is controlling. The transcript will not be available during your deliberations.

9.

You have heard evidence that the defendant made a statement. It is for you to decide whether the defendant made the statement, and, if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

10

The testimony of a law enforcement official or police officer should be considered by you just as any other evidence in the case, and in evaluating his or her credibility you should use the same guidelines which apply to the testimony of any witness. In no event should you give either greater or lesser credence to the testimony of any witness merely because he or she is, or was, a law enforcement official or police officer.

11.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

12.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;
- The witness's memory;
- The witness's manner while testifying;
- The witness's interest in the outcome of the case and any bias or prejudice;
- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and
- Any other factors that bear on believability.

The weight of the evidence as to a fact does not depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

13.

You are here only to determine whether the defendant has been proven guilty or not guilty of the crime charged in the indictment. Your determination must be made only from the evidence received at the trial. The defendant is *not* on trial for any conduct or offense *not* charged in the indictment. Even if you believe the defendant is guilty of some other activity, you must focus your attention solely on the crime charged in this case. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, *only* as they relate to the charge in the indictment.

14.

It is important for you to understand that a defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that defendant in this case did not testify. This concludes the first part of my instructions.

15.

The next part of my instructions concerns the substantive law that bears on this case. This statement of the law pertains to all time periods relevant to this case. Although you have heard and seen evidence concerning legal points, you must take my instructions as supreme on matters of law and an accurate and controlling statement of the law to be applied in reaching your verdict.

16.

The indictment will not be in the jury room during your deliberations, so I will summarize it for you here. The indictment charges defendant with possession of: (1) a firearm and (2) ammunition, as specified below, in violation of Section 922(g)(1) of Title 18 of the

United States Code. This federal statute makes it unlawful for any person who has been convicted of a federal or state crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition that has been transported in interstate commerce. In order for the defendant to be found guilty in this case, as charged, as to the firearm, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant knowingly possessed a Glock 9-millimeter pistol bearing serial number HLA195;

*Second*, said firearm had been transported from one state to another or from a foreign country into the United States; and

*Third*, at the time the defendant possessed said firearm, he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

In order for defendant to be found guilty in this case, as charged, as to the ammunition, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant knowingly possessed 44 rounds of ammunition;

*Second*, said ammunition had been transported from one state to another or from a foreign country into the United States; and

*Third*, at the time he possessed said ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated that the defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year. You may consider this evidence only as it pertains to the third element of the charged offense. You must not consider this evidence for any other purpose.

17.

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

18.

Possession is done knowingly if the defendant was aware of the possession and did not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful nor is it required to prove the defendant knew the items had travelled in interstate or foreign commerce. You may consider evidence of the defendant's words or acts, along with all the other evidence, in deciding whether the defendant acted knowingly.

19.

The punishment provided by law for the alleged crime is for the Court to decide. You may not consider punishment in deciding whether the government has proven its case against the defendant beyond a reasonable doubt. That is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

20.

Now we turn to the last part of the instructions. When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

21.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberation.

22.

When you retire to the jury room to deliberate, you will have with you the following things:

- All of the exhibits received into evidence;
- A work copy of these jury instructions for each of you;
- A work copy of the verdict form for each of you; and
- An official verdict form.

Remember that none of these items is evidence except the exhibits.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

23.

In your deliberations it is usually premature to take a straw vote early on. This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels. Rather it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote. In this way, all the viewpoints will be on the table before anyone expresses a vote. These are merely recommendations, however, and it is entirely up to you to decide on how you wish to deliberate.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal, signed by your foreperson or by one or more members of the jury.
No member of the jury should ever attempt to communicate with me except by a signed writing via the Marshal, and I will respond to the jury concerning the case only in writing or here in

open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, unless and until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

24.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know via the Marshal in advance what hours you will be deliberating so that the lawyers and parties may be present in the courthouse at any time the jury is deliberating.

25.

You may only deliberate when all twelve of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberations.

26.

Now, a word to our alternate jurors. You will not be deliberating with the rest of the jury at the outset. You are free to leave once the jury begins its deliberations. You may be called in to replace one of the jurors. Therefore, your responsibilities as an alternate remain in effect. This means you are not to discuss this case with anyone until you join the regular jury in deliberations or until a verdict is returned and I expressly release you from service. If it becomes necessary to have you replace a juror, you will be asked to return to the court. You will then be sworn into the main jury and you and the rest of the jury will begin deliberations

anew. If you will not be needed, you will be notified as soon as the Court itself makes that determination. We will pause for a moment now for our alternates to be escorted out — with our thanks.

27.

If and when all twelve of you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court through the Marshal that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: April 12, 2012

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE